# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EVELYN LONG, obo,
JESSE W. LONG, deceased

       Plaintiff,

v.                                          Civil Action No. 5:16-CV-143

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

## REPORT AND RECOMMENDATION

**I.  SUMMARY**

The Plaintiff, Jesse Long, had a long history of esophagus problems yet, at the time of the administrative law judge's ("ALJ") decision there was no evidence of esophagus cancer. However, a showing of esophagus cancer would have qualified the Plaintiff as disabled. The Plaintiff passed away from a drug overdose approximately one month after the decision denying his claim and an autopsy revealed esophagus cancer.

The regulations are clear that the Agency can infer that an impairment existed at an earlier date based upon evidence discovered later. For example, the Agency could have inferred that the Plaintiff had esophagus cancer during the relevant period based upon the autopsy which was performed one month after the close of the relevant period. However, here the Appeals Council added the autopsy to the record but declined review. Thus, the Appeals Council did not analyze whether the evidence of esophagus cancer demonstrates that the Plaintiff had an impairment during the relevant period. "Assessing the probative value of competing evidence is quintessentially the role of the fact finder. [The Court] cannot undertake it in the first instance." *Meyer v. Astrue*, 662 F. 3d 700, 707 (4th Cir. 2011). Therefore, the Court cannot evaluate the

1

new evidence of cancer in the first instance. Thus, the Court recommends that the case be remanded to the agency for further fact finding.

## II.     PROCEDURAL HISTORY

The Plaintiff filed a prior Title II and Title XVI application in 1993. R. 38. It was determined that the Plaintiff was eligible for a closed period of disability from January 13, 1993 to December 14, 1994. R. 38. Due to the significant period of time which elapsed, this prior application was not eligible for reopening. R. 38.

The Plaintiff filed an application for Title II benefits on September 17, 2012 and an application for Title XVI benefits on September 28, 2012. R. 38. Both applications alleged a disability beginning on September 2, 2012. The Plaintiffs applications were denied initially on June 24, 2013, and upon reconsideration on October 30, 2013. R. 38. The Plaintiff requested a hearing which was held on May 5, 2015, in Morgantown, West Virginia. R. 38. The Plaintiff appeared and testified as did impartial vocational expert Larry A. Bell. R. 38.

On September 25, 2015, the ALJ issued an unfavorable decision denying the Plaintiff's claims because he found that the Plaintiff was not disabled between September 2, 2012 and the date of the decision. The Plaintiff submitted additional evidence and appealed to the Appeals Council. R. 1-2. The Appeals Council denied review resulting in the final decision of the agency. R. 1. The Plaintiff appealed to this Court.

## III.    THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable

impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since September 2, 2012, the alleged onset date. R. 41. At step two, the ALJ found that the Plaintiff had the following severe impairments:

> [H]istory of severe trauma to left leg due to gunshot injury; peripheral neuritis, peripheral cyanosis, and peripheral vascular disease of the left ankle and foot; status post injuries from a 2012 motor vehicle accident - hemorrhagic shock, splenectomy, acute traumatic respiratory failure, bilateral rib fractures, nasal

3

fracture, and mild traumatic brain injury; incisional hernia, status post multiple repair surgeries; degenerative change of the thoracic and lumbar spines; recurrent phlebitis; gastritis; anxiety disorder; social anxiety; cognitive disorder; borderline intellectual functioning; and polysubstance abuse.

R. 41. At step three, the ALJ found that none of the Plaintiff's impairments met or medically equaled the severity of one of the listed impairments contained in the Listings. R. 41-42. The ALJ then determined that the Plaintiff had following RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except work must: allow a sit/stand option with a brief change of position for one to two minutes every 30 minutes; entail no crouching, crawling, or climbing of ladders, ropes, or scaffolds; entail no more than occasional balancing stooping or climbing of stairs or ramps; entail no concentrated exposure to extreme cold, vibration, and respiratory irritants; entail no exposure to hazards such as dangerous moving machinery or unprotected heights; be limited to simple, routine instructions and tasks that do not re11uire reading above the fourth grade level, writing above the third grade level, or math above the fifth grade level; and entail no contact with the general public.

R. 44. At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work. R. 51. At step five, the ALJ determined that, "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." R. 51. Thus, the ALJ found that the Plaintiff was not disabled.

## IV. LEGAL STANDARDS

### A. **Summary Judgment**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All

inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B.    Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v.*

*Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (quoting Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

V.  **DISCUSSION**

The Plaintiff passed away on October 17, 2015, from an accidental drug overdose. R. 838, 852. The Plaintiff had an extensive history of health issues including many issues with his esophagus. However, at issue here is a relatively short period of time concerning only a few health issues. The ALJ issued a decision on September 25, 2015, denying the Plaintiff's claims—less than one month before the Plaintiff's death. The ALJ's decision was, at least in part, based on a lack of evidence of cancer. However, an autopsy less than one month after the ALJ's decision showed evidence of cancer around his esophagus.[1] R. 875.

Evelyn long, on behalf of the Plaintiff, filed an appeal to the Agency's Appeals Council. R. 1. The Appeals Council stated that it considered the new evidence—including the autopsy report—nevertheless, it declined review. R. 3.

"In cases such as this, where the claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, this court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings." *Dunn v. Colvin*, 973 F. Supp. 2d 630, 645 (W.D. Va. 2013) (citing *Wilkins v. Secretary, Dep't of Health and Human Servs.*, 953 F.2d 93, 95–96 (4th Cir.1991)). Thus, the sole issue on appeal is whether there is substantial evidence to support the Commissioner's decision despite the discovery of esophagus cancer just one month after the Commissioner's final decision.

---

[1] The autopsy report reads: "Esophagus neoplasm with atypical glands, consistent with adenocarcinoma." R. 875.

The Plaintiff argues that he was disabled at the time of his death because he met Listing 13.16 (A). Indeed, it appears that at the time of his death the Plaintiff did in fact meet Listing 13.16 (A) as a result of his esophagus cancer. Thus, the Plaintiff argues that this finding undermines the ALJ's determination and renders it unsupported by substantial evidence.

The Commissioner argues that the evidence demonstrated that at the close of the relevant period on September 25, 2015, the Plaintiff did not have esophagus cancer. Indeed, at the close of the relevant period it appears that there was no evidence of cancer. Therefore, the Commissioner argues that the Plaintiff's autopsy, which revealed cancer, does not relate to the relevant period. In fact, on August 24, 2015, just one month prior to the end of the relevant period, lab results showed only signs of Barrett's esophagus and high-grade dysplastic changes. R. 905. The ALJ explicitly accounted for these in her discussion. R. 41. However, the report did not indicate esophagus cancer. Moreover, on October 2, 2015, about one week after the end of the relevant period, Dr. Levy performed a biopsy which demonstrated no malignancy. R. 894.

However, the regulations make clear that the agency may infer that an impairment existed before evidence of it is actually discovered. Indeed, 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 13.00(J) (italics original) provides:

> *Can we establish the existence of a disabling impairment prior to the date of the evidence that shows the cancer satisfies the criteria of a listing?* Yes. We will consider factors such as:
>
>     1. The type of cancer and its location.
>     2. The extent of involvement when the cancer was first demonstrated.
>     3. Your symptoms.

Therefore, even though the evidence of cancer was discovered after the close of the relevant period, the agency may consider the new evidence to determine whether this impairment existed during the relevant period.

The Commissioner argues that the Appeals Council may summarily deny review and need not explain its rationale. Thus, the Commissioner argues, the Agency is not obligated to reconcile the new evidence with its decision. In *Meyer v. Astrue*, 662 F. 3d 700, 705 (4th Cir. 2011) the court explained that after considering new evidence the Appeals Council may simply deny the request for review and need not explain its rational for so doing. In fact, that is what the Appeals Council did here. However, the *Meyer* court went onto explain that the lack of an explanation from the Appeals Council makes judicial review more difficult but not impossible and that the record still must provide "an adequate explanation of the Commissioner's decision." (citations omitted) (alterations omitted).

In reviewing the Commissioner's decision, the *Meyer* court stated:

> On consideration of the record as a whole, we simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here. The ALJ emphasized that the record before it lacked "restrictions placed on the claimant by a treating physician," suggesting that this evidentiary gap played a role in its decision. Meyer subsequently obtained this missing evidence from his treating physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ had rejected. But other record evidence credited by the ALJ conflicts with the new evidence. The Appeals Council made the new evidence part of the record but summarily denied review of the ALJ decision. Thus, no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile that evidence with the conflicting and supporting evidence in the record. Assessing the probative value of competing evidence is quintessentially the role of the fact finder. We cannot undertake it in the first instance.

*Id.* at 707.

The ALJ here stated that, "[t]he undersigned has seen no diagnosis of cancer on the records submitted by counsel." Yet, despite subsequent evidence of cancer just one month after the relevant period, the Appeals Council summarily denied review. And, as discussed above, it can be inferred that an impairment existed before evidence of it is discovered. Therefore, similarly to *Meyer* the subsequent evidence materially conflicts with the Agency's decision. And

no fact finder has made any findings as to whether the subsequent evidence of cancer can be reconciled with the Agency's decision.

## VI. RECOMMENDATION

Based on the foregoing, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Court **RECOMMENDS** that:

1. Plaintiff's [ECF No. 11] Motion for Summary Judgment be **DENIED**; and

2. Commissioner's [ECF No. 14] Motion for Summary Judgment be **DENIED**;

3. The case be **REMANDED** to the agency for further fact finding.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 20, 2017                                     */s/ James E. Seibert*
                                                          JAMES E. SEIBERT
                                                          U.S. MAGISTRATE JUDGE