IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EVELYN LONG, obo
JESSE W. LONG, deceased,

         Plaintiff,

v.                                    Civil Action No. 5:16CV143
                                                         (STAMP)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

         Defendant.


               **MEMORANDUM OPINION AND ORDER
             AFFIRMING AND ADOPTING THE REPORT AND
             RECOMMENDATION OF THE MAGISTRATE JUDGE**

                        I.  Background[1]

    In this case, the plaintiff, by counsel, seeks judicial review of the defendant's decision to deny his claims under Title II and Title XVI of the Social Security Act.  The plaintiff, Jesse W. Long, is deceased, and this civil action has been brought on his behalf by Evelyn Long.  The plaintiff submitted an application for Title II benefits on September 7, 2012, and an application for Title XVI benefits on September 28, 2012.  Both applications allege disability beginning September 2, 2012.  His claim was denied initially and then again on reconsideration.  The plaintiff then filed a written request for a hearing.  The Administrative Law Judge ("the ALJ") held a hearing on May 5, 2015.

---

    [1]This memorandum opinion and order contains only the most relevant procedural and factual information.  For more extensive background information, see ECF No. 17.

To determine whether the plaintiff was disabled, the ALJ used a five-step evaluation process pursuant to 20 C.F.R. §§ 404.1520 and 416.920.  Using that process, the ALJ made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since September 2, 2012, the date of the alleged onset of the plaintiff's disability; (2) the plaintiff had the following severe impairments: history of severe trauma to left leg due to gunshot injury; peripheral neuritis, peripheral cyanosis, and peripheral vascular disease of the left ankle and foot; status post injuries from a 2012 motor vehicle accident-hemorrhagic shock, splenectomy, acute traumatic respiratory failure, bilateral rib fractures, nasal fracture, and mild traumatic brain injury; incisional hernia, status post multiple repair surgeries; degenerative change of the thoracic and lumbar spines; recurrent phlebitis; gastritis; anxiety disorder; social anxiety; cognitive disorder; borderline intellectual functioning; and polysubstance abuse; (3) none of the plaintiff's impairments met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the plaintiff is unable to perform any past relevant work; and (5) "[c]onsidering the [plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform."

Therefore, the ALJ found that the plaintiff did not have a disability as defined under the Social Security Act.

The ALJ issued the unfavorable decision to the plaintiff on September 25, 2015. The plaintiff had a long history of esophagus problems, but there was no evidence of esophageal cancer at the time of the ALJ's decision. A showing of esophageal cancer would have qualified the plaintiff as disabled. The ALJ's decision was based, at least in part, on a lack of evidence of cancer. The plaintiff passed away from a drug overdose one month after the ALJ's decision, and an autopsy revealed esophageal cancer. The plaintiff appealed to the Appeals Council and submitted the autopsy to the Appeals Council as additional evidence. The Appeals Council added the autopsy to the record but declined review. The plaintiff then brought his claim to this Court.

The plaintiff and the defendant both filed motions for summary judgment. The plaintiff also responded to the defendant's motion for summary judgment. The plaintiff argues that he was disabled at the time of his death because he qualified as disabled under Listing 13.16 (A) as a result of his esophageal cancer. Thus, he contends that this finding undermines the ALJ's determination and renders it unsupported by substantial evidence. The defendant argues that the evidence demonstrated that, at the close of the relevant period on September 25, 2015, the plaintiff did not have

esophageal cancer. Thus, the defendant contends that the plaintiff's autopsy does not relate to the relevant period.

The magistrate judge entered his report and recommendation on April 20, 2017, to which neither party filed objections. The magistrate judge recommends that this Court deny both parties' motions for summary judgment and remand the civil action. The magistrate judge found that the defendant may infer that an impairment existed before evidence of it is actually discovered. Thus, the defendant may consider the new evidence from the autopsy to determine whether the impairment of esophageal cancer existed during the relevant period, even though the autopsy did not show the cancer until after the close of the relevant period. The magistrate judge recommends remand because the new evidence conflicts with the defendant's decision, and no fact finder has made any findings as to whether the new evidence can be reconciled with the defendant's decision. The parties did not file objections. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a

4

magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report

and recommendation. "In cases such as this, where the claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, this court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings." Dunn v. Colvin, 973 F. Supp. 2d 630, 645 (W.D. Va. 2013) (citing Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991)). Thus, the magistrate judge correctly found that the sole issue on appeal is whether there is substantial evidence to support the defendant's decision despite the discovery of esophageal cancer one month after the defendant's final decision.

The magistrate judge also properly found that the defendant may consider the new evidence to determine whether the esophageal cancer existed during the relevant period, even though the evidence was discovered after the close of the relevant period. The regulations provide:

> Can we establish the existence of a disabling impairment prior to the date of the evidence that shows the cancer satisfies the criteria of a listing? Yes. We will consider factors such as:
>
> 1. The type of cancer and its location.
> 2. The extent of involvement when the cancer was first demonstrated.
> 3. Your symptoms.

20 C.F.R. Part 404, Subpart P, Appendix 1, Section 13.00(J).

Additionally, in a similar case, the Fourth Circuit explained that "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder. [The reviewing court] cannot undertake it in the first instance." Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011). Where subsequent evidence conflicts materially conflicts with the Appeals Council's decision to deny review, the record must provide "an adequate explanation of the Commissioner's decision." Id. Thus, the magistrate judge correctly concluded that remand is necessary for the ALJ to make factual findings as to whether the subsequent evidence of esophageal cancer can be reconciled with the defendant's decision. Accordingly, this Court finds no error in the determination of the magistrate judge and thus upholds his ruling.

## IV. Conclusion

For the reasons above, the magistrate judge's report and recommendation (ECF No. 17) is hereby AFFIRMED and ADOPTED. Thus, the plaintiff's motion for summary judgment (ECF No. 11) is DENIED and the defendant's motion for summary judgment (ECF No. 14) is DENIED. It is further ORDERED that this case be REMANDED to the Commissioner for further fact finding in accordance with the magistrate judge's report and recommendation. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the parties have failed to object, they have waived their right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 6, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE